UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEROME L BUTLER III | Case No. 3:21-CR-74-CCB-SJF |

**OPINION AND ORDER**

After being indicted on August 11, 2021 and arrested on February 6, 2025, Jerome Butler has moved to suppress statements and DNA evidence taken during a prior interview with a police officer, on the grounds that the officer's actions violated his Sixth Amendment rights.

### BACKGROUND

On July 12, 2021, South Bend police discovered a .22 revolver near the scene of a traffic accident involving Mr. Butler. (ECF 46 at 1–2). The police detained Mr. Butler, advised him of his *Miranda* rights, and transported him to the police department, where he was interviewed by Officer Dawson. (*Id.*). During the interview, Mr. Butler made several incriminating statements about his possession of the revolver and consented to a voluntary DNA swab. On August 11, 2021, a grand jury returned an indictment against Mr. Butler that alleged one count of unlawful possession of a firearm after being convicting of a felony. (*Id.* at 3). Mr. Butler was arrested on February 6, 2025. (*Id.*).

Mr. Butler has moved to suppress his interview statements and DNA swab results on the ground that the government violated Mr. Butler's Sixth Amendment right

to counsel by deliberately eliciting statements from him in the absence of counsel. (ECF 40).

## DISCUSSION

Under the Sixth Amendment, after the right to counsel has attached through "adversary proceedings hav[ing] been commenced against an individual," the government may not deliberately elicit incriminating statements against the defendant in the absence of counsel. *United States v. Moschiano*, 695 F.2d 236, 240 (7th Cir. 1982) (quoting *Massiah v. United States*, 377 U.S. 201, 206 (1964)).

Mr. Butler argues that his Sixth Amendment rights had attached at the time of the interview with the officer because adversarial proceedings had been initiated against him in a state court, and he had pre-existent counsel related to those proceedings. (ECF 40 at 5).

But as the government correctly notes, the Sixth Amendment does not apply to "all crimes the authorities might wish to question [a defendant] about," but is "offense specific." *United States v. Kreuger*, 415 F.3d 766, 775 (7th Cir. 2005) (citing *Texas v. Cobb*, 532 U.S. 162, 167–68 (2001)). Sixth Amendment rights only attach to crimes that the defendant has been formally charged for, or that would be considered the same offense for double jeopardy purposes. *Id.* Here, Mr. Butler's Indiana offense was a possession-of-cocaine charge dating to a year before the events that form the basis for the instant charge. (ECF 46 at 4). Thus, while Mr. Butler's Sixth Amendment rights likely *had* attached with regard to the state proceedings, they had not yet attached with regard to this case—no charges had been made when the interview occurred. (ECF 46 at 3). This

2

is true even if Mr. Butler had retained counsel in a related matter, or even had spoken with that counsel about this case—simply having a lawyer does not cause one's Sixth Amendment rights to attach. *Cobb*, 532 U.S. at 172 ("the Sixth Amendment right to counsel attaches only to charged offenses"). Thus, Mr. Butler's Sixth Amendment claim fails.

Mr. Butler's Motion to Suppress is **DENIED**. (ECF 40).

SO ORDERED on November 17, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT