UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:21-CR-74-CCB-SJF |
| JEROME L BUTLER III | |

**OPINION AND ORDER**

After being indicted on August 11, 2021 of knowingly possessing a firearm while convicted of a felony under 18 U.S.C. § 922(g)(1), Jerome Butler has moved to dismiss his indictment on the grounds that § 922(g)(1) is unconstitutional under the Second Amendment as applied to him.

### BACKGROUND

On August 11, 2021, the Government filed a single-count indictment against Jerome Butler for violating 18 U.S.C. § 922(g)(1) by knowingly possessing a firearm on or about July 12, 2021, as an individual who had been convicted of a crime punishable by imprisonment for a term exceeding one year. Prior to that date, Mr. Butler had been convicted in Indiana state court for the class D felony of Possession of Cocaine, as well as in federal court for cocaine base distribution in violation of 21 U.S.C. § 841(a) and for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF 45 at 2).

**DISCUSSION**

Mr. Butler argues that § 922(g)(1) is unconstitutional under the Second Amendment as applied to him. In *New York State Pistol and Rifle Association v. Bruen*, 597 U.S. 1 (2022), the Supreme Court clarified that courts should use a "history and tradition" approach in understanding the scope of the Second Amendment, evaluating a law's constitutionality by looking to the principles underlying analogous historical regulations of the right. *Id.* at 1, 2, 22, 24. Two years later, the Court provided additional guidance for the *Bruen* analysis, noting that when evaluating the historical record, courts need not find a "dead ringer" or "historical twin" but only that the statute be "analogous enough to pass constitutional muster" by "comport[ing] with the principles underlying the Second Amendment." *United States v. Rahimi*, 602 U.S. 680, 692.

Mr. Butler argues that the historical analysis called for by *Bruen* and *Rahimi* dictates that bans on firearm possession can disarm "only those who were violent or posed a danger to the public," and thus that § 922(g)(1) cannot constitutionally extend to Mr. Butler, because his felony did not involve physical violence. (ECF 41 at 3). The government responds that, to the contrary, *Bruen*'s history and tradition inquiry supports class disarmament of felons. (ECF 45 at 3).

The parties' disagreement over how to analyze § 922(g)(1)'s constitutionality tracks a split among the circuits, unresolved by either the Seventh Circuit or the Supreme Court. *See United States v. Gay*, 98 F.4th 843, 846 (7th Cir. 2024) (noting without resolving the issue that "[t]he Justices have yet to consider the question whether non-violent offenders may wage as-applied challenges to § 922(g)(1)").

On one hand, some courts have held that § 922(g)(1) is constitutional as applied to all felony convictions, thereby categorically rejecting as-applied challenges. *See, e.g.*, *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024) ("we conclude that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)"); *Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025) (we [uphold] the constitutionality of § 922(g)(1) without drawing constitutional distinctions based on the type of felony involved."); *United States v. Regalado*, 709 F. Supp. 3d 619, 631 (N.D. Ind. 2023) (noting that "at times, convicted felons have argued for partitioning [§ 922(g)(1)]" to only apply to violent felons, but suggesting that this approach might render the statute unconstitutionally vague).

On the other hand, other courts have found that a proper reading of the history does not support a categorical rule but a more fine-tuned analysis into whether the specific predicate felony involved in a § 922(g)(1) prosecution could indicate dangerousness, the historical grounding principle for most firearms regulation. *See United States v. Williams*, 113 F.4th 637, 663 (6th Cir. 2024) (holding that "§ 922(g)(1) is constitutional on its face and as applied to dangerous people" and "district courts should make fact-specific dangerousness determinations after taking account of the unique circumstances of the individual, including details of his specific conviction."); *Range v. Attorney Gen.*, 124 F.4th 218, 230 (3d Cir. 2024) (stating that "we refuse to defer blindly to § 922(g)(1) in its present form" and rejecting the Government's attempt to "stretch dangerousness to cover all felonies"); *Kanter v. Barr*, 919 F.3d 437, 461 (7th Cir. 2019) (Barrett, J., dissenting) ("history confirms that the basis for the permanent and

3

pervasive loss of all rights cannot be tied generally to one's status as a convicted felon or to the uniform severity of punishment that befell that class"). Recent scholarship on the Second Amendment has also expressed this view. *See* William Baude & Robert Leider, *The General-Law Right to Bear Arms*, 99 Notre Dame L. Rev. 1467, 1511 (2024) ("[S]omething like the dangerousness principle would give the Court a tractable way to adjudicate the lawful scope of [§ 922(g)(1)]. If the dangerousness principle is the lodestar, a complete lifetime ban on possession of a firearm by any felon is plainly too broad.").

But here, Mr. Butler's claim fails regardless of which analysis is used. His own articulation of the Second Amendment's requirements explains why: "historical statutes disarmed only those who were violent *or posed a danger to the public*." (ECF 41 at 3) (emphasis added). This principle, that individuals who were considered dangerous to public safety could constitutionally have their firearm rights restricted, has been articulated by circuits across the country—even those that have accepted a granular § 922(g)(1) analysis. *See* Williams, 113 F.4th at 659 (describing how crimes that are "not strictly crimes against the person" but "nonetheless pose a significant threat of danger" may be considered dangerous under a granular analysis of § 922(g)(1)'s constitutionality); *United States v. Walters*, No. 22-1812, 2025 WL 2536696, at * 7–9 (3d Cir. 2025); *United States v. Holden*, 70 F.4th 1015, 1017 (7th Cir. 2023) ("Governments may keep firearms out of the hands of dangerous people who are apt to misuse them" (citing *Bruen*, 142 S. Ct. at 2131)); *Regalado*, 709 F. Supp. 3d at 632 ("The government has

4

convincingly shown a historical tradition of disarming individuals perceived as dangerous to the polity.").

In support of the claim that § 922(g)(1) does not constitutionally apply to his crimes, Mr. Butler cites *Range v. Attorney General United States*, where the Third Circuit held that § 922(g)(1) was unconstitutional as applied to an individual who had been convicted of a felony for food-stamp fraud, reasoning that there was "no evidence that he pose[d] a physical danger to others or that food-stamp fraud is closely associated with physical danger." 124 F.4th 218, 230 (3d Cir. 2024). But that case is a far cry from the predicate crime here. Here, among other things, Mr. Butler was convicted of cocaine base distribution *and* possession of a firearm in furtherance of a drug trafficking crime. (ECF 45 at 2). Unlike food-stamp fraud, these crimes *are* associated with danger.

Even courts that have upheld § 922(g)(1) challenges, including in *Range* itself, have consistently held that drug trafficking is not a peaceful or nondangerous crime for second amendment purposes—it is a crime that exhibits a high degree of disregard for the safety of the community, and is often accompanied by dangerous behavior. *Range*, 124 F.4th at 218 (refusing to "defer blindly to § 922(g)(1) in its present form" but affirming a distinction between "nondangerous" crimes and "crimes like burglary and drug trafficking that 'pose a significant threat of danger.'" (quoting *Williams*, 113 F.4th at 658–61)); *Williams*, 113 F.4th at 659 (stating that drug trafficking is a "prime example" of crimes that "pose a significant threat of danger" even if they "do not always involve an immediate and direct threat of violence against a particular person"). This close relationship between drug trafficking and violence is exhibited by Mr. Butler's own

5

convictions—he was convicted of possessing a firearm *in furtherance of* a drug trafficking crime.

Thus, even if there are certain categories of felonies to which § 922(g)(1) cannot apply, Mr. Butler's felonies do not fall into them. Under either the government's blanket § 922(g)(1) argument or under Mr. Butler's more granular "dangerousness" analysis, § 922(g)(1) is constitutional as applied to him.

Mr. Butler's Motion to Dismiss is **DENIED**. (ECF 41).

SO ORDERED on November 17, 2025.

                                                            /s/*Cristal C. Brisco*
                                                            CRISTAL C. BRISCO, JUDGE
                                                            UNITED STATES DISTRICT COURT